IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


ALREE B. SWEAT, III,

       Petitioner,

v.                                                             No. 2:16-cv-01263-JCH-KRS

JAMES MULHERON, Warden,

       Respondent.

## PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      Alree Sweat, an inmate confined at the Southern New Mexico Correctional Facility, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Broadly, Sweat challenges three convictions in 2015 for burglary of a vehicle, *see* N.M. Stat. Ann. §30-16-3(B), following a jury trial in the Third Judicial District Court for Dona Ana County. From what the Court can discern, Sweat asserts (1) his attorney at trial was ineffective; (2) the evidence was insufficient to support his convictions; and (3) he was denied a speedy trial. (Docs. 1, 6 & 15). Sweat's jailor, James Mulheron, contends Sweat has not "exhausted" remedies available to him for *all* claims and therefore afforded the New Mexico courts a first opportunity to correct alleged constitutional deficiencies. As such, Mulheron says the Court may dismiss Sweat's petition to allow Sweat to return to the state court. Acting pursuant to an order of reference, *see* 28 U.S.C. § 636(b)(1)(B); (Doc. 9), the Court has considered the parties' submissions as well as the record. Having done so, the Court agrees that Sweat has not demonstrated exhaustion of remedies and, therefore, **RECOMMENDS** that Sweat's petition be **DISMISSED** or Sweat, at his election, be permitted to proceed in this Court only as to those claims he has properly exhausted.

# DISCUSSION

Federal habeas corpus relief is unavailable to an inmate unless the inmate has exhausted state court remedies. *See Day v. McDonough*, 547 U.S. 198, 205 (2006). Section 2254 specifically prohibits the Court from granting "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court" until the inmate exhausts, there is no process for exhausting, or "circumstances exist that render such process ineffective to protect the rights of the [inmate]." 28 U.S.C. § 2254(b)(1). The burden is on the inmate to show exhaustion or some exception thereto. *McCormick v. Kline,* 572 F.3d 841, 851 (10th Cir. 2009). Sweat does not contend New Mexico lacks available remedies or that the relief afforded does not protect his rights. Thus, the question is whether Sweat adequately pursued those remedies.

An inmate properly exhausts when he "fairly presents" his federal constitutional claims to the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). As a matter of comity, exhaustion allows the state courts one full "opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted). "One full opportunity" means the inmate must present his federal challenges "to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Additionally, the inmate must identify the "substance of a federal habeas corpus claim" to adequately exhaust. *See Picard*, 404 U.S. at 278. An inmate complies, substantively, when he references "a specific federal constitutional guarantee, as well as [provides] a statement of the facts that entitles the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997).

In this case, Sweat made two "presentations" to the New Mexico Supreme Court. After losing his direct appeal in the New Mexico Court of Appeals, Sweat petitioned for a writ of certiorari. Sweat raised a single question for review: whether the court of appeals erred "in holding the State presented sufficient evidence to sustain Alree Sweat's convictions for burglary of a vehicle where the only evidence of his identity was possibly contaminated DNA evidence[.]" (Doc. 17-1, at 51). Following the state trial court's summary denial of habeas relief, Sweat petitioned the New Mexico Supreme Court for discretionary review. *See* N.M. Rule Ann. 5-802(L). Sweat attacked his convictions on eight grounds: (1) the trial court failed to join all vehicle burglary charges in a single case; (2) a jury verdict in Sweat's favor in a separate case precluded further prosecution; (3) the trial court's failure to adhere to N.M. Rule Ann. 5-802(G)(1) violated his federal and state constitutional rights; and trial counsel was ineffective for (4) performing a deficient investigation; (5) not expanding the docketing statement; (6) failing to raise chain of custody issues; (7) withdrawing Sweat's speedy trial rights; and (8) not filing a motion to suppress. (Doc. 17-2, at 68-76).

Comparing the issues raised in this federal action[1] to those presented to the New Supreme Court, Sweat has not exhausted his available state remedies for all claims. From what the Court

---

[1] On November 11, 2016 and November 17, 2017, Sweat filed the instant petition and "supplement" identifying five broad grounds for relief—ineffective assistance of counsel, insufficiency of the evidence, speedy-trial violations, judicial bias, and police and prosecutorial misconduct. (*See* Docs. 1, 6, 15). Each request, however, included multiple, distinct claims. As for ineffective assistance, Sweat asserted his trial lawyer was constitutionally deficient because the attorney (1) did not request a suppression hearing or move to suppress evidence; (2) failed to conduct pretrial discovery; (3) failed to investigate "certain evidence," an alibi defense, and the use of prior testimony to attack credibility of witnesses; (4) did not "destroy" the credibility of and impeach witnesses; (5) allowed the introduction of scientific evidence at trial without objection; (6) filed a motion to withdraw as counsel"; (7) withdrew motions to dismiss and for a speedy trial without Sweat's consent; (8) failed to "perfect the docketing statement" to include the trial court's failure to join all vehicle burglary counts; (9) did not prepare for trial; (10) delayed obtaining an expert; (11) failed to raise speedy trial concerns; and (12) did not raise a lack of probable cause for arrest.

     In terms of the insufficiency of the evidence, Sweat contended that (1) facts were not presented to sustain the charges; (2) the evidence adduced at trial "was of very slight if any probative value"; (3) the blood analysis could not "positively tell whether the blood came from a particular person" or location; (4) the chain of custody of DNA evidence was undocumented; (5) his convictions were based on proximity to illegal activity and his past bad

can discern, Sweat has only given the New Mexico courts one full opportunity to adjudicate whether "the State presented sufficient evidence to sustain Alree Sweat's convictions" as appealed directly and whether trial counsel was ineffective for performing a deficient investigation; not expanding the docketing statement; withdrawing Sweat's speedy trial rights; and not filing a motion to suppress, as encompassed in Sweat's petition for certiorari following the state trial court's denial of collateral review. In other words, Sweat's petition for habeas relief in this Court is "mixed," in that it contains both exhausted and unexhausted claims.

When presented with a mixed petition, the Court may not simply dismiss the unexhausted claims and reach the merits of those that have been presented to the state courts. *See Wood v. McCollum*, 833 F.3d 1272, 1274 (10th Cir. 2016). Instead, the Court must (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit. *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009). Typically, a stay abating the petition is reserved for instances where the inmate shows "good cause" for failing to present the

---

acts; (6) there was no proof that Sweat took anything from the vehicle; and (7) DNA did not prove Sweat committed the crime, was in the area, or corroborate eyewitness testimony or fresh wounds.

In connection with judicial bias, Sweat claimed (1) the trial judge had a "strong personal interest"; and (2) a magistrate judge that issued various warrants acted a rubber stamp, without reading it, or realizing the prosecutor had not signed it. Concerning speedy-trial violations, Sweat pointed to (1) a sixteen-month delay between the commencement of the case and trial; (2) the absence of motions to for a speedy trial or waiving the right to a speedy trial; (3) several cancelled jury trials; and (4) multiple extensions of time to file a docketing statement.

Finally, as police and prosecutorial misconduct, Sweat asserted: (1) "the state . . . charg[ed] him with criminal offenses since August 8, 2013 without showing probable cause; (2) the state filed a criminal information causing Sweat to be bound over for a fourth time; and (3) Detective Rickards improperly obtained multiple warrants for DNA samples, conducted a blood draw without consent, used aggressive tactics, and gave perjured testimony "for a misdemeanor that was clearly not committed in Dona Ana County but was prosecuted in Dona Ana County just to obtain DNA."

claims before the state court in the first instance, and the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

In view of the available options, the Court recommends that Sweat's petition be dismissed in its entirety unless Sweat decides he would like to dismiss the unexhausted claims. A stay is not appropriate because Sweat has not made any showing of good cause. Nor does the Court believe it advisable or beneficial to ignore the exhaustion requirements and address the merits of the claims. An appropriate balance, therefore, is to allow Sweat to determine whether he would like to proceed only with the exhausted claims by filing a written notice dismissing the remainder of his challenges. If Sweat elects this option, he should know he likely will forfeit the unexhausted claims altogether. *See* 28 U.S.C. § 2244(b)(1); *Tapia v. Lemaster*, 172 F.3d 1193, 1195 (10th Cir. 1999) (a petitioner who elects to proceed only on exhausted claims must meet the requirements for filing a successive petition to later raise the unexhausted challenges). Also, if Sweat does not choose to dismiss the unexhausted claims, the Court's recommendation, if adopted, means dismissal of the petition without prejudice. Although Sweat could return to the New Mexico courts to exhaust his remedies, Sweat may face statute of limitations problems for any future habeas petition in this court. *See* 28 U.S.C. § 2244(d)(1) (imposing a one-year limitation period from the date the judgment becomes final after direct review).

## CONCLUSION AND RECOMMENDATION

For the reasons stated above, Sweat has not exhausted available state remedies for all of his claims.

The Court **RECOMMENDS** dismissal of Sweat's mixed petition in its entirety subject to Sweat first being permitted to voluntarily dismiss his unexhausted claims by filing a document so stating within thirty days from the Court's adoption of this recommendation.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**WITHIN FOURTEEN (14) DAYS AFTER A PARTY IS SERVED WITH A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, THAT PARTY MAY, PURSUANT TO 28 U.S.C. § 636(B)(1), FILE WRITTEN OBJECTIONS TO SUCH PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. A PARTY MUST FILE ANY OBJECTIONS WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO WITHIN THE FOURTEEN (14) DAY PERIOD ALLOWED IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED. PURSUANT TO FED. R. CIV. P. 72(B)(2), A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE OBJECTIONS.**