IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALREE B. SWEAT, III,

        Petitioner,

                                                                                                       No. 2:16-cv-01263-JCH-KRS

v.

JAMES MULHERON, Warden,
Southern New Mexico Correctional Facility,

        Respondent.

**ORDER DENYING WITHOUT PREJUDICE
MOTION TO APPOINT COUNSEL**

**THIS MATTER** comes before the Court on Petitioner's motion asking the Court to appoint an attorney for him. (Doc. 23). Respondent opposes the motion. The decision to appoint an attorney in a habeas corpus case arising under 28 U.S.C. § 2254 generally falls within the Court's discretion unless an evidentiary hearing is necessary in which case appointment of counsel is mandatory. *Swazo v. Wyo. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994); Rule 8, Rules Governing Section 2254 Cases. "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Petitioner's burden is "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

Petitioner has not carried his burden. The case does not present novel or complex issues, and Petitioner has made understandable arguments as to each of the constitutional grounds on

which he challenges his automobile burglary convictions. Further, there does not appear to be any basis for an evidentiary hearing that would require appointment of counsel. Petitioner's challenges were adjudicated on the merits by the state court on direct appeal and in collateral proceedings. As a result, the Court is not permitted to consider materials or evidence outside of what was before the state court. *Smith v. Aldridge*, 904 F.3d 874, 886 (10th Cir. 2018). The Court is cognizant of Petitioner's objections to the Court's Proposed Findings and Recommended Disposition that are pending before the Presiding Judge. In the event the Presiding Judge determines that an evidentiary hearing is necessary, Petitioner is not foreclosed from filing a subsequent motion to appoint counsel.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to appoint counsel (Doc. 23) is **DENIED without prejudice**. Petitioner may file a subsequent motion to appoint counsel in the event the Presiding Judge determines an evidentiary hearing is necessary.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE