IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALREE B. SWEAT, III,

    Petitioner,

v.                                                                          No. 1:16-cv-01263-JCH-KRS

JAMES MULHERON, Warden,

    Respondent.

**ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, DENYING PETITION FOR HABEAS CORPUS, DENYING MISCELLANEOUS MOTIONS, DISMISSING CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

**THIS MATTER** comes before the Court on Alree Sweat's objections (Doc. 36) to Magistrate Judge Kevin Sweazea's January 16, 2019 Proposed Findings and Recommended Disposition (PFRD). (Doc. 35). In the PFRD, the magistrate judge concluded that Sweat had not satisfied the Antiterrorism and Effective Death Penalty's Act's burden to show that, in refusing to set aside his vehicle-burglary convictions because of alleged evidentiary insufficiency and ineffective assistance of counsel, the state court acted contrary to, or unreasonably applied, clearly established federal law; or otherwise unreasonably determined the facts. The magistrate judge, therefore, recommended denying Sweat's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Having reviewed Sweat's objections and the record, the Court adopts the magistrate judge's PFRD, denies Sweat's petition and miscellaneous motions, and dismisses the matter with prejudice.

Before Sweat is entitled to *de novo* review of the PFRD, he must clear two hurdles. First, he must file timely objections. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057,

1060 (10th Cir. 1996). Second, he must make specific objections. *See id.* As to the first requirement, Sweat's objections were received by on February 7, 2019, a few days past the February 4, 2019 deadline. Nonetheless, Sweat included a certificate of service that says he placed his objections in a stamped envelope in the outgoing mail at the Southern New Mexico Correctional Facility on February 4, 2019. The prisoner mailbox rule renders Sweat's objections timely. *Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoners' documents are deemed filed when handed over to prison authorities for mailing).

As for the specificity element, Sweat's objections fail. Although Sweat's filing spans thirty-seven pages and mentions the PFRD in the introduction and title, Sweat does not identify those portions of the PRFD that he challenges. "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute[]." *One Parcel*, 73 F.3d at 1059 (citations omitted). Without specific objections, the Court cannot conduct the . . . de novo review" as the Magistrate Judge Act contemplates. *Hood v. Tex. Farmers Ins. Co.*, 2017 U.S. Dist. LEXIS 84864, at *14 (D.N.M. June 2, 2017); 28 U.S.C. § 636(b)(1)(C). Sweat has, therefore, forfeited review of the PFRD under the "firm waiver rule." *One Parcel*, 73 F.3d at 1060 (the Tenth Circuit "ha[s] adopted a 'firm waiver rule'"; the failure to lodge timely and specific "objections . . . waives appellate review of both factual and legal questions") (citation omitted).

In the interests of justice, however, the Court has examined the PFRD *de novo* as best it can and agrees with the magistrate judge. A jury found Sweat guilty of several counts of automobile burglary where his DNA was found in the vehicles. On direct review, the New Mexico Court of Appeals ("NMCA") concluded that sufficient evidence supported Sweat's convictions. The jury, the NMCA reasoned, was free to reject Sweat's expert's concerns over

possible DNA contamination, excessive sampling, and chain of custody.  Sweat has not established the NMCA's decision was contrary to or an unreasonable application of federal due-process jurisprudence. *See Cavazos v. Smith*, 565 U.S. 1, 2 (2011) ("A reviewing court may set aside the jury's verdict [as constitutionally insufficient] only if no rational trier of fact could have agreed with the jury" and "a federal court may not overturn a state court decision rejecting a sufficiency . . . challenge . . . [unless] the . . . decision was objectively unreasonable").

In post-conviction proceedings, the state district court summarily denied Sweat's claims of ineffective assistance of counsel.  As above, Sweat has not carried his burden to show this conclusion was contrary to or an unreasonable application of Sixth Amendment law; or the product of an unreasonable determination of the facts.  Even if Sweat's trial counsel was deficient, Sweat has not demonstrated prejudice—a reasonable probability that (1) the motion to suppress he says his attorney should have filed would have succeeded; (2) expanding the docketing statement to include appeal of the trial court's denial of consolidation of all vehicle burglary charges would have resulted in a new trial where he would have been acquitted; and (3) the trial court would have dismissed his case had his attorney not withdrawn Sweat's speedy trial rights.

To the extent Sweat's objections—and two separate motions (Docs. 32 & 37)—ask the Court to consider materials attached them, Sweat has not demonstrated that the records were before the state court in adjudicating the merits of the sufficiency of the evidence and ineffective assistance of counsel.  *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  Even where the state court summarily denies collateral relief, review under AEDPA is limited to the record before that court.  *See id.*; 28 U.S.C. § 2254(d)(1).  Sweat believes the records "prove the judicial process was abused," documenting malfeasance by the police and prosecutor to manipulate the grand

jury system to indict him for the same conduct of which he was innocent and later acquitted. (Doc. 32). Absent in Sweat's papers, however, is any indication that the records were before the state court or germane to any exhausted constitutional challenge here. The Court declines to comb through "the entire state court record . . . to ascertain whether facts exist which support relief." *Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir. 1990).

Finally, because Sweat has failed to make a substantial showing of a denial of a constitutional right, the Court will also deny a certificate of appealability. *See* Rule 11 of the Rules Governing Section 2254 Cases.

**IT IS, THEREFORE, ORDERED** that:

1. The magistrate judge's PFRD (Doc. 35) is **ADOPTED** as an order of the Court and Sweat's objections are **OVERRULED**.

2. Sweat's petition under 28 U.S.C. § 2254 for a writ of habeas corpus, as amended, supplemented, and clarified (*see* Docs. 1, 6, 15, 21, & 28) is **DENIED** and this matter be **DISMISSED with prejudice**.

3. Sweat's motions to introduce and explain documentary evidence (Docs. 32; 37) are **DENIED.**

4. A certificate of appealability is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE